UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

KYLE GULITZ,

                       Plaintiff,

v.                                                                08 Civ. 2388(CLB)

ERIC DiBARTOLO, Individually, LINDA McMAHON,
Individually, DONALD CURRY, Individually,             ANSWER
JEFFREY BISCHOFF, Individually, PAUL HOLOPETER,    **JURY TRIAL DEMANDED**
Individually, LINDA COOPER, Individually and
THE TOWN OF YORKTOWN, NEW YORK,

                       Defendants.
-------------------------------------------------------------------X

      Defendants Donald Curry and Jeffrey Bischoff, by their attorneys Oxman Tulis Kirkpatrick Whyatt & Geiger, LLP, as and for their Answer to plaintiff's Complaint state as follows:

## NATURE OF THE ACTION

1. Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "1".

## JURISDICTION

2. Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "2".

## THE PARTIES

3. Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "3", except admit that the plaintiff was employed by the Town of Yorktown.

4. Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "4", except admit that defendant Eric DiBartolo has served as the Town of Yorktown Superintendent of Highways.

5. Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "5", except admit that defendant Linda McMahon has served as the Personnel Officer for the Town of Yorktown.

6. Defendants admit the allegations contained in paragraph "6".

7. Defendants admit the allegations contained in paragraph "7".

8. Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "8".

9. Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "9", except admit that defendant Linda Cooper served as Supervisor of the Town of Yorktown.

## THE FACTS

10. Defendants deny the allegations contained in paragraph "10" to the extent that those

allegations relate directly to defendants Donald Curry and Jeffrey Bischoff. Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "10" with regard to the other defendants.

11. Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "11".

12. Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "12".

13. Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "13".

14. Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "14".

15. Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "15".

16. Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "16".

17. Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "17".

18. Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "18".

19. Defendants deny the allegations contained in paragraph "19".

## AS AND FOR A FIRST CLAIM AGAINST ALL DEFENDANTS

20. Defendants repeat, reiterate and reallege each and every admission and/or denial as if more fully set forth herein in response to paragraph "20".

21. Defendants deny the allegations contained in paragraph "21", as those allegations relate to defendants Donald Curry and Jeffrey Bischoff. Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "21" with regard to the other defendants.

## AS AND FOR A SECOND CLAIM AGAINST ALL DEFENDANTS

22. Defendants repeat, reiterate and reallege each and every admission and/or denial as if more fully set forth herein in response to paragraph "22".

23. Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "23".

24. Defendants deny the allegations contained in paragraph "24", as those allegations relate to defendants Donald Curry and Jeffrey Bischoff. Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "24" with regard to the other defendants.

## AS AND FOR A THIRD CLAIM AGAINST DiBARTOLO

25. Defendants repeat, reiterate and reallege each and every admission and/or denial as if more fully set forth herein in response to paragraph "25".

26. Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "26".

## AS AND FOR A FOURTH CLAIM AGAINST THE TOWN

27. Defendants repeat, reiterate and reallege each and every admission and/or denial as if more fully set forth herein in response to paragraph "27".

28. Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "28".

## AS AND FOR A FIFTH CLAIM AGAINST ALL DEFENDANTS

29. Defendants repeat, reiterate and reallege each and every admission and/or denial as if more fully set forth herein in response to paragraph "29".

30. Defendants deny the allegations contained in paragraph "30", as those allegations relate to defendants Donald Curry and Jeffrey Bischoff. Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "30" with regard to the other defendants.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

31. Plaintiff's Complaint fails to state a claim against defendants Donald Curry and Jeffrey Bischoff.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

32. The complaint fails to set forth a basis upon which an award of punitive damages may be based.

WHEREFORE, defendants Donald Curry and Jeffrey Bischoff request a judgment be entered dismissing plaintiff's complaint against them and awarding to the defendants such costs and fees and other relief as this court deems just and proper.

Dated:     White Plains, New York
           April 30, 2008

Stuart E. Kahan, Esq. (SK-7767)
**OXMAN TULIS KIRKPATRICK WHYATT & GEIGER, LLP**
120 Bloomingdale Road
White Plains, New York 10605
(914) 422-3900  - office
(914) 422-3636 -  facsimile
skahan@oxmanlaw.com
*Attorneys for defendants Donald Curry and Jeffrey Bischoff*

To:

Lovett & Gould, LLP
222 Bloomingdale Road
White Plains, New York 10605
*Attorneys for plaintiff*

Bond Schoeneck & King, PLLC
1399 Franklin Avenue - Ste. 200
Garden City, New York 11530
*Attorneys for defendant Town of Yorktown*