UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

KYLE GULITZ,                                                                         08-Civ.-2388  (CLB)

                    Plaintiff,                                  **ANSWER**

              - against –

ERIC DiBARTOLO, individually, LINDA McMAHON,
individually, DONALD CURRY, individually, JEFFREY
BISCHOFF, individually, PAUL HOLOPETER,
individually, LINDA COOPER, individually, and the
TOWN OF YORKTOWN, New York,

                        Defendants.

------------------------------------------------------------------------X

      Defendants ERIC DiBARTOLO (hereinafter "DiBARTOLO"), LINDA McMAHON (hereinafter "McMAHON"), PAUL HOLOPETER (hereinafter "HOLOPETER"), LINDA COOPER (hereinafter "COOPER") and the TOWN OF YORKTOWN, New York (hereinafter "TOWN"), by and through their attorneys, Bond, Schoeneck & King, PLLC, answer Plaintiff's Complaint as follows:

## NATURE OF THE ACTION

1.     ADMIT that Plaintiff purports to bring an action on behalf of himself for alleged violations of the statutes contained in Paragraph 1 of the Complaint and for the relief requested in Paragraph 1 of the Complaint, but DENY violations of the asserted statutes and DENY that Plaintiff is entitled to any of the damages requested therein.

## JURISDICTION

2.  DENY knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint, except ADMIT that Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission (hereinafter "EEOC").

## THE PARTIES

3.  DENY knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint, except ADMIT that Plaintiff was employed as a "Laborer" by the Town of Yorktown on a full time basis commencing in August of 2005.

4.  ADMIT the truth of the allegations contained in Paragraph 4 of the Complaint.

5.  DENY the allegations contained in Paragraph 5 of the Complaint, except ADMIT that Defendant McMAHON was, at different points, the appointed Personnel Clerk and then Personnel Manager for the Town, and ADMIT that the Personnel Clerk and/or Personnel Manager and/or TOWN has a responsibility to investigate and stop workplace discrimination, if the circumstances so warrant such action.

6.  ADMIT the truth of the allegations contained in Paragraph 6 of the Complaint.

7.  ADMIT the truth of the allegations contained in Paragraph 7 of the Complaint.

8.  ADMIT the truth of the allegations contained in Paragraph 8 of the Complaint.

9.  ADMIT the truth of the allegations contained in Paragraph 9 of the Complaint.

## THE FACTS

10. DENY the truth of the allegations contained in Paragraph 10 of the Complaint as to Defendants DiBARTOLO, McMAHON, HOLOPETER, COOPER and the TOWN, except ADMIT that Defendant DiBARTOLO overheard Defendant BISCHOFF threaten to kill Plaintiff following a dispute in the workplace, and further DENY knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint as to Defendants CURRY and BISCHOFF.

11. DENY the truth of the allegations contained in Paragraph 11 of the Complaint, except ADMIT that Plaintiff complained to Defendant DiBARTOLO about the conduct of Plaintiff's co-workers.

12. DENY the truth of the allegations contained in Paragraph 12 of the Complaint.

13. DENY the truth of the allegations contained in Paragraph 13 of the Complaint.

14. DENY knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint, except ADMIT that Plaintiff filed a charge of discrimination with the EEOC.

15. DENY knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint, except ADMIT that Plaintiff's counsel sent a fax regarding Plaintiff's filing at the EEOC.

16. DENY the truth of the allegations contained in Paragraph 16 of the Complaint.

17. DENY the truth of the allegations contained in Paragraph 17 of the Complaint, and more specifically,

    a. DENY the truth of the allegations contained in Paragraph 17(A.) of the Complaint, except ADMIT that, as a term and condition of his employment,

Defendant HOLOPETER is given a TOWN vehicle, by the TOWN, for both business and personal use.

b. DENY the truth of the allegations contained in Paragraph 17(B.) of the Complaint.

c. DENY the truth of the allegations contained in Paragraph 17(C.) of the Complaint.

d. DENY knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17(D.) of the Complaint.

e. ADMIT the truth of the allegations contained in Paragraph 17(E.) of the Complaint.

f. DENY the truth of the allegations contained in Paragraph 17(F.) of the Complaint.

g. ADMIT the truth of the allegations contained in Paragraph 17(G.) of the Complaint, except AFFIRMATIVELY ASSERT that the TOWN Highway Department was paid by the TOWN Fire Department for such paving work.

h. DENY knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17(H.) of the Complaint, except ADMIT that TOWN tree crew members were assigned to cut down a tree on the private property of the TOWN Fire Chief, and AFFIRMATIVELY ASSERT that TOWN tree crew members have removed dead and/or dying trees from private property that pose a public hazard for TOWN residents.

i. DENY knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17(I.) of the Complaint, except ADMIT that TOWN tree crew members were assigned to cut down a tree on the private

        property of the Zupa family, and AFFIRMATIVELY ASSERT that TOWN tree crew members have removed dead and/or dying trees from private property that pose a public hazard for TOWN residents.

18. DENY the truth of the allegations contained in Paragraph 18 of the Complaint.

19. DENY the truth of the allegations contained in Paragraph 19 of the Complaint.

### AS AND FOR A FIRST CLAIM AGAINST ALL DEFENDANTS

20. Repeats and realleges each and every response contained in Paragraphs 1 through 19 above, as if fully set forth at length.

21. DENY the truth of the allegations contained in Paragraph 21 of the Complaint.

### AS AND FOR A SECOND CLAIM AGAINST ALL DEFENDANTS

22. Repeats and realleges each and every response contained in Paragraphs 1 through 19 above, as if fully set forth at length.

23. DENY knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint.

24. DENY the truth of the allegations contained in Paragraph 24 of the Complaint.

### AS AND FOR A THIRD CLAIM AGAINST DiBARTOLO

25. Repeats and realleges each and every response contained in Paragraphs 1 through 19 above, as if fully set forth at length.

26. DENY the truth of the allegations contained in Paragraph 26 of the Complaint.

### AS AND FOR A FOURTH CLAIM AGAINST THE TOWN

27. Repeats and realleges each and every response contained in Paragraphs 1 through 19 above, as if fully set forth at length.

28. DENY the truth of the allegations contained in Paragraph 28 of the Complaint.

### AS AND FOR A FIFTH CLAIM AGAINST ALL DEFENDANTS

29. Repeats and realleges each and every response contained in Paragraphs 1 through 19 above, as if fully set forth at length.

30. DENY the truth of the allegations contained in Paragraph 30 of the Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

31. Defendant TOWN has policies in place prohibiting all forms of discrimination, retaliation, and/or harassment against individuals in categories protected by federal and state civil rights laws, and providing procedures for effective and immediate redress and resolution of all such matters. Plaintiff failed to properly utilize such policies and/or procedures.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

32. Defendant TOWN has policies in place prohibiting all forms of discrimination, retaliation, and/or harassment against individuals in categories protected by federal and state civil rights laws, and providing procedures for effective and immediate redress and resolution of all such matters. Pursuant to such policies and/or procedures, Defendants DiBARTOLO, McMAHON, HOLOPETER, COOPER and the TOWN promptly,

thoroughly and adequately responded to any complaints of discrimination, harassment and/or retaliation made by Plaintiff.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

33. Plaintiff failed to satisfy the necessary condition precedent to the instant lawsuit in the form of receipt of a "Right to Sue" notice/letter from the EEOC, and as such, his claims are barred, in whole or in part, by his failure to exhaust administrative remedies.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

34. Plaintiff's claims related to the circumstances detailed in Paragraphs 17 – 18 of the Complaint are barred, in whole or in part, by his failure to include them in his charge of discrimination to the EEOC, and thus, his failure to exhaust administrative remedies.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

35. Plaintiff's claims are barred, in whole or in part, by his failure to mitigate the alleged damages, if any.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

36. The Complaint fails to state a claim or claims upon which relief can be granted against Defendants DiBARTOLO, McMAHON, HOLOPETER, COOPER and the TOWN.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

37. Plaintiff's claims for punitive damages against Defendants DiBARTOLO, McMAHON, HOLOPETER, COOPER and the TOWN are barred because the alleged acts or omissions of Defendants DiBARTOLO, McMAHON, HOLOPETER, COOPER and the TOWN do not rise to the level required to sustain an award of punitive damages, do not evidence malicious, reckless, or fraudulent intent to deny Plaintiff his protected rights, are not so wanton or willful as to support an award of punitive damages, and do not otherwise entitle Plaintiff to punitive damages.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

38. Any and all actions taken by Defendants DiBARTOLO, McMAHON, HOLOPETER, COOPER and the TOWN were based upon legitimate, nondiscriminatory reasons, unrelated to Plaintiff's religion or membership in a class of persons protected by federal, state or local law, or invocation by Plaintiff of rights arising under federal, state or local law.

WHEREFORE, Defendants DiBARTOLO, McMAHON, HOLOPETER, COOPER and the TOWN, respectfully request that the Complaint be dismissed in its entirety, and that the Court grant such further relief as it deems necessary and proper.

Dated:    Garden City, New York
            May 5, 2008

Respectfully submitted,

BOND, SCHOENECK & KING, PLLC

Attorneys for Defendants Eric DiBartolo, Linda McMahon, Paul Holopeter, Linda Cooper and the Town of Yorktown, New York.

By: _____
    Howard M. Miller, Esq. (HM 4538)
1399 Franklin Avenue, Suite 200
Garden City, New York 11530
(516) 267-6300

Of Counsel:
    Terry O'Neil, Esq.
    Craig L. Olivo, Esq.
    Christopher T. Kurtz, Esq.

TO:    Jonathan Lovett, Esq.
        Lovett & Gould, LLP
        *Attorneys for Plaintiff*
        222 Bloomingdale Road
        White Plains, New York 10605
        (914) 428-8401

        Stuart E. Kahn, Esq.
        Oxman Tulis Kirkpatrick Whyatt & Geiger, LLP
        *Attorneys for Defendants Donald Curry and Jeffrey Bischoff*
        120 Bloomingdale Road
        White Plains, New York 10605
        (914) 422-3900

# CERTIFICATE OF SERVICE

I hereby certify that on May 5, 2008, the foregoing document was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Southern District's Local Rules, and/or the Southern District's Rules on Electronic Service upon the following parties and participants:

    Jonathan Lovett, Esq.
    Lovett & Gould, LLP
    222 Bloomingdale Road
    White Plains, New York 10605

    Stuart E. Kahn, Esq.
    Oxman Tulis Kirkpatrick Whyatt &
    Geiger, LLP
    120 Bloomingdale Road
    White Plains, New York 10605

    /s/Howard M. Miller
    Howard M. Miller (HMM: 4538)
    Bond, Schoeneck & King, PLLC
    Attorneys for Defendants Eric DiBartolo, Linda
    McMahon, Paul Holopeter, Linda Cooper and the
    Town of Yorktown, New York
    1399 Franklin Avenue, Suite 200
    Garden City, New York 11530
    (516) 267-6300

60156.2 5/5/2008